# In the Court of Common Pleas of Schuylkill County.

## MICHAEL COONEY, ET AL, *v.* TOWNSHIP OF NORWEGIAN.

Under the act of 1860, requiring the making and repairing of roads in Schuylkill county, to be sold at public outcry to  the lowest bidder, supervisors have no authority to make private contracts for the making or repairing of the public roads.

After a private contract made by the supervisor of a township, for the making or re-pairing of a road, has been pronounced illegal by the courts, an act of the Legislature, directing the auditing and settling of a claim arising under such contracts, is an attempt to exercise judicial powers, and a departure from the function of legislation.

Opinion delivered May 28, 1873, by

PERSHING, P. J.    In  compliance with the Act of Assembly which made it obligatory on the Supervisor of Norwegian township, in the month of March, in every year, to sell the making and  repairing of  the public roads in said township to the lowest and  best bidder, Charles Fell, the Supervisor of that  township, in 1864, sold the making and repairing of the roads to Thomas Joyce, who entered into a contract with that officer, which imposed  this duty upon him  (Joyce) till the 31st day of March, A. D. 1865.

In September, 1864, Fell made a private contract with the plaintiffs for the building of four culverts upon the public roads of said township, for the aggregate sum of $120.00. The work was done by the plaintiffs, but the township refused to pay them, and they thereupon brought suit to recover the amount. Defeated in this action, they next brought suit against Fell, and were again unsuccessful.

After these judicial proceedings the Act of Assembly of May 29, 1871, was passed, which required the Auditors of Norwegian township within thirty days thereafter, to audit the accounts between Charles Fell, the late supervisor, and the plaintiffs, for work done in building the four culverts in 1864-5, under the contract made with them, and directed that "said settlement shall be according to the terms of said contract." The Supervisor and township clerk were required to draw an order on the township treasurer for whatever sum was found to be due, which amount the township treasurer was required to pay. Power was given the Court to enforce compliance with the terms of the Act by mandamus. These are the facts briefly stated.

That the private contract made by the Supervisor with the plaintiffs was in violation of the Act of 1860, does not admit of dispute. If it bound the township, the Act of 1860, requiring the making and repairing of roads to be sold at public outcry to the lowest bidder, was nugatory. That the township could not be held was legally determined before the Legislature was called on to interfere. The Act of 29 May, 1871, is not the providing of a remedy where none before existed, but is an attempt to exercise judicial powers. It, in effect, sets aside the decisions of the judicial tribunals, and issues its mandate to the township to pay the claim of the plaintiffs, and this without regard to the nature or character of any defence which the township might have. The Act assumes the legality of the contract, the indebtedness of the township, and its liability to pay, in the face of the action of the officers of the township, and the decisions of the Courts. If the payment of this claim can be compelled in this way, this is likely to be but one of a flood of similar acts, passed without notice, in ignorance of the facts, and leading to endless trouble and confusion. The language of Chief Justice Lowrie, in Baggs' Appeal, 7 Wright, 515, is directly applicable to this case : "A man's rights are not decided by due course of law, if the judgment of the Courts upon them may be set aside or opened for further litigation by an Act of Assembly. That would be a plain violation of the due course of law, a departure from the functions of legislation, and an assumption of those of jurisdiction.     *     *     .*     Any form of direct governmental action on private rights, which, if unusual, is dictated by no imperious public necessity, or which makes a special law for a particular person, or gives directions for the regulation and control of

a particular case after it has arisen, is always arbitrary and dangerous in principle, and almost always unconstitutional.'' De Chastellux v. Fairchild, 3 H, 18, is an authority in point, and others were cited on the argument by counsel.   It is a hardship that the plaintiffs should perform labor and receive no compensation.   The only question for our determination is whether the township of Norwegian can be compelled to pay this claim, by virtue of the Act of May 29, 1871.   We think it cannot, and therefore direct judgment to be entered on the case stated for the defendant.